# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JASON LANG BELCHER, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:11-cv-0214 |
| ) | Judge Haynes/ Bryant |
| VIACOM, INC.; VIACOM MEDICAL ) | |
| PLAN; VIACOM RETIREMENT ) | |
| COMMITTEE; AND ) | |
| UNITEDHEALTHCARE SERVICE, ) | |
| LLC, ) | |
| ) | |
|    Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

Counsel for all parties appeared before the honorable Judge John S. Bryant on May 10, 2011 for an initial case management conference in this case. Previously, the parties submitted a proposed Initial Case Management Order (Doc. No. 33). After considering the issues in this case, the Court hereby enters this revised Initial Case Management Order.

    **I.    Jurisdiction and Venue**

This case is governed by ERISA, §29 U.S.C. 1001, *et seq*. The parties agree that jurisdiction and venue are appropriate in this Court.

    **II.    Parties' Theories of the Case**

        **A.    Plaintiff's Theory of the Case**

This case is governed by ERISA. Viacom, Inc. ("Viacom") sponsors and maintains a self-funded health plan for the benefit of its employees and their dependents - the Viacom Group Health Plan (the "Plan"). At all times relevant to the claims in the Complaint, Jason Belcher has

been a participant in the Plan.  The Viacom Retirement Committee (the "VRC") is the Plan Administrator.   United HealthCare Service, LLC ("United") is the Claims Administrator.

Jason Belcher is a long-time sufferer of severe, treatment-resistant, obsessive-compulsive disorder.  One of his last best hopes for treatment is a surgical procedure known as deep brain stimulation ("DBS").  On or about June 22, 2010, Butler Hospital/Brown Universtiy ("Butler") filed a claim on Jason Belcher's behalf with United (the "Claim").  The Claim was an urgent request for approval of DBS for Jason Belcher.

United denied the claim by letter dated July 22, 2010 (the "Denial Letter").  ERISA obligates the Plan to offer a clear and defined administrative appeals process.  United typically administers this process.  However, Dr. Neal R. Satten, a United representative and the author of the Denial Letter, encouraged and/or directed various individuals at Butler to pursue Mr. Belcher's claim through Viacom, and not through United.

In reliance on Dr. Satten's statements, Butler and Jason Belcher contacted Viacom regarding the appeal of the Denial Letter.  Viacom took ownership of the appeal and represented to Butler and to Jason Belcher that a decision would be forthcoming.  For many months Viacom maintained this stance, wherein it represented that it was handling the appeal, yet it refused to rule on the appeal.  At the same time, Viacom refused to provide any documentation about its appeals process, its timelines for making a decision, or its internal guidelines, despite numerous requests.  By the winter of 2010/2011, Viacom was regularly telling Jason Belcher that it would have a decision to him imminently, yet it consistently refused to rule.  Viacom gave numerous specific self-imposed "deadlines," to rule on Mr. Belcher's claim, and yet failed to meet each and every one.

As of the date of the filing of the Complaint, March 8, 2011, Mr. Belcher had never received a ruling on his administrative appeal. As of the date of the submission of this proposed Order, Mr. Belcher has not received a ruling on his administrative appeal.

In his Complaint, Mr. Belcher asserts a claim for denial of benefits, since the Claim has been wrongfully denied. In addition, any further effort to pursue administrative remedies would clearly be futile, and therefore, Mr. Belcher is excused from further administrative review. Mr. Belcher also asserts a claim against all Defendants for their breaches of fiduciary duty. The Defendants have each acted in fiduciary capacity, making decisions about Mr. Belcher's claim and interpreting the Plan, and have each breached their fiduciary duties. United's agent, Dr. Satten, provided Butler with information at odds with the information in the summary plan description (the "SPD"). Viacom and the VRC, through their various agents, including John Jacobs, a senior executive in Viacom's human resources department, took a variety of actions that are contrary to ERISA and contrary to the terms of the SPD, including, but not limited to, denying Mr. Belcher any administrative appellate review of his Claim, failing to ensure that the Plan complied with the Mental Health Parity Act (the "MHPAEA"), making misrepresentations to Mr. Belcher about his appeal rights, about their intentions with respect to the Claim, and about the timing of their response to his attempted appeal.

As a result of the Defendants' complete and utter failure to process Mr. Belcher's urgent claim in accordance with ERISA and their own plan documents, Mr. Belcher has been damaged, and has been in procedural limbo for close to a year. Meanwhile, he has had to go on medical leave from work and is in dire need of medical treatment.

Mr. Belcher asks that the Defendants be enjoined from on-going violations of ERISA, including the MHPAEA, and that they be required to comply with their own plan documents. However, Mr. Belcher does not seek any restraining order or temporary injunctive relief.

Mr. Belcher has asserted a claim for failure to supply requested documents. At various times after Viacom indicated that it was handling his appeal, Mr. Belcher asked for Viacom's guidelines and rules regarding how his appeal would be handled. These were never provided. Furthermore, Mr. Belcher's appeal was never ruled upon—a de facto denial. Mr. Belcher was entitled to receive a proper denial letter addressing the reasons for denial and informing him of his rights.

Finally, Mr. Belcher has asserted a claim for attorney's fees under ERISA.

For the foregoing reasons, as set forth in the Complaint, Mr. Belcher seeks a de novo hearing on the Claim (Count I), and he seeks a hearing on Counts II-IV and all relief to which he is entitled, including, but not limited to, statutory penalties and attorney's fees.

Mr. Belcher denies that the arbitrary and capricious standard is applicable under the unique circumstances of this case. He denies that this case is limited to the Administrative Record. He denies ever being supplied a complete copy of the Administrative Record, despite his requests.

### B. Viacom, Inc., Viacom Medical Plan; Viacom Retirement Committee's Theory of the Case

This is an ERISA benefits case. Viacom, Inc. ("Viacom") sponsors and maintains a self-funded health plan - the Viacom Group Health Plan (the "Plan"). At all times relevant to the claims in the complaint, Jason Belcher has been a participant in the Plan. The Viacom Retirement Committee (the "VRC") is the Plan Administrator. United HealthCare Service, LLC ("UHC") is the Claims Administrator. The Plan provides that the VRC delegates to UHC as the

4

claims administrator, the exclusive right to interpret and administer the provisions of the plan for appeals. The Plan provides that UHC's decisions are conclusive and binding.

UHC received a request for pre-treatment determination of coverage seeking coverage for deep brain stimulation ("DBS") for Obsessive Compulsive Disorder ("OCD") for Mr. Jason Belcher. UHC denied the request for coverage. By letter dated July 12, 2010 (the "Denial Letter"), UHC notified Mr. Jason Belcher of its decision and informed him of his appeal rights under the Plan and of the address at UHC to send any appeal. Mr. Jason Belcher did not appeal to UHC, but instead requested relief through Viacom. Mr. Jason Belcher has not been denied an administrative appeal. By letter dated, April 21, 2011, Viacom informed Mr. John Belcher, counsel for Plaintiff, that the appeal properly lay with UHC and informed him of his right to submit additional information for consideration by UHC on or before May 2, 2011. By letter dated May 2, 2011, counsel for UHC informed Mr. John Belcher that it would give Plaintiff until May 6, 2011 to submit any additional information he may want UHC to consider during the appeal. UHC also informed Mr. John Belcher that it would deem the appeal received on May 6, 2011, unless he informs UHC earlier that Mr. Jason Belcher does not intend to submit any additional information. Finally, the May 2, 2011 letter from UHC to Mr. Belcher informed him that UHC will issue a decision on the appeal no later than May 23, 2011.

The Complaint asserts the following claims: (1) a benefits claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) [Count I]; (2) breach of fiduciary duty claims under ERISA§ 502(a)(2)-(3), 29 U.S.C. § 1132(a)(2)-(3) [Counts II – III]; and (3) a statutory penalty claim under ERISA § 502(c), 29 U.S.C. §1132(c) [Count IV].

ERISA claims for benefits are limited to the record before the decision-maker at the time the decision was made (the "Administrative Record"). The resolution of a claim for benefits

under ERISA is determined on cross-motions for judgment pursuant to *Wilkins v. Baptist Healthcare*, 150 F.3d 609 (6th Cir. 1998). Furthermore, UHC's decision is entitled to an arbitrary and capricious standard of review because the Plan and Summary Plan Description confer on UHC as claims administrator, the necessary discretion to interpret the plan terms and decide all claims. Mr. Belcher has not yet exhausted his administrative remedies because the appeal is pending and has not been completed. For the same reason, the Administrative Record on which this Court's review is predicated is not closed. An ERISA claimant typically cannot obtain discovery beyond the Administrative Record.

UHC's initial decision of July 12, 2010, was neither arbitrary nor capricious. Plaintiff's breach of fiduciary duty claims [Counts II – III] should be dismissed for all the reasons set forth in UHC's Motion to Dismiss. Plaintiff is also barred from pursuing his breach of fiduciary duty claims because they are duplicative of his claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiff's claim for a statutory penalty [Count IV] against Viacom should also be dismissed because Viacom responded properly under the statute.

If UHC grants Plaintiff's request on appeal, this action is moot, and this Court should dismiss, with prejudice, as to all Defendants. If UHC affirms its initial decision and upholds its initial denial, this case should be decided by the Court on cross-motions for judgment on the Administrative Record.

### C.  UnitedHealthcare Service, LLC's Theory of the Case

This is an ERISA benefits case. Viacom, Inc. ("Viacom") sponsors and maintains a self-funded health plan for the benefit of its employees and their dependents - the Viacom Group Health Plan (the "Plan"). At all times relevant to the claims in the complaint, Jason Belcher, has

been a participant in the Plan. The Viacom Retirement Committee (the "VRC") is the Plan Administrator. United HealthCare Service, LLC ("United") is the Claims Administrator.

United received a request for pre-treatment determination of coverage from Butler Hospital/Brown University ("Butler") on behalf of Plaintiff, seeking coverage for deep brain stimulation ("DBS") for Obsessive Compulsive Disorder ("OCD"). United denied the request for pre-treatment determination of coverage based upon a Plan exclusion for psychosurgery expenses. By letter dated July 12, 2010 (the "Denial Letter") from Dr. Neal R. Satten, United notified Plaintiff of its decision and informed him of his appeal rights under the Plan and of the address at United to send any appeal. Plaintiff did not appeal to United, but instead requested relief through his employer, Viacom. United denies that Dr. Satten or anyone acting on behalf of United instructed Plaintiff to appeal to Viacom.

By letter dated, April 21, 2011, Viacom informed Mr. John Belcher, counsel for Plaintiff, that the appeal properly lay with United and informed him of his right to submit additional information for consideration by United on or before May 2, 2011. By letter dated May 2, 2011, counsel for United informed Mr. John Belcher, counsel for Plaintiff, that it would allow Plaintiff up to and including May 6, 2011, to submit any additional information he wants United to consider during the appeal. United also informed Mr. Belcher that it would deem the appeal received on May 6, 2011, unless he informed United earlier that Plaintiff did not intend to submit any additional information. Finally, the May 2, 2011 letter from United to Mr. Belcher informed him that United would issue a decision on the appeal no later than fifteen days from May 6, 2011 - or May 23, 2011 (May 21, 2011 falls on a Saturday).

The Complaint asserts the following claims: (1) a benefits claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) [Count I]; (2) breach of fiduciary duty claims under

7

ERISA§ 502(a)(2)-(3), 29 U.S.C. § 1132(a)(2)-(3) [Counts II – III]; and (3) a statutory penalty claim under ERISA § 502(c), 29 U.S.C. §1132(c) [Count IV]. Plaintiff's breach of fiduciary duty claims [Counts II – III] are due to be dismissed for all the reasons set forth in United's Motion to Dismiss. Plaintiff is barred from pursuing his breach of fiduciary duty claims because they are duplicative of his claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiff's claim for a statutory penalty [Count IV] against United is due to be dismissed because United is the Claims Administrator, not the Plan Administrator and, therefore, is not a proper party defendant for that claim. Plaintiff is not entitled to an award of attorney fees.

The Plan confers the arbitrary and capricious standard of review upon United's claims determinations. United's initial decision of July 12, 2010, was neither arbitrary nor capricious. None of the parties dispute that the Plan excludes psychosurgery.

The Court's scope of review is limited to the Administrative Record. Plaintiff has not yet exhausted administrative remedies as the First Level Appeal is in progress and has not been completed. United denies Plaintiff's assertion that exhaustion would be futile. Since receiving the appeal from Viacom, United has informed Mr. John Belcher of his ability to submit additional information on behalf of Plaintiff to be considered by United during the appeal, and of its intent to issue a decision on the appeal no later than May 23, 2011. Because Plaintiff has not exhausted his administrative remedies, the Administrative Record is not closed.

In order to further the policy underpinning ERISA, to promote judicial economy, and to allow the Administrative Record to be completed, this case should be stayed until such time as United issues its determination on the appeal. In the event United grants Plaintiff's request on appeal, this action is moot, and the Complaint should be dismissed, with prejudice, as to all

Defendants. In the event United affirms its initial decision and upholds its initial denial, this case should be decided by the Court on cross-motions for judgment on the Administrative Record.

### III. The Administrative Record

Without prejudice to any claim, cause of action and/or defense, and without prejudice to claims by any party that they are entitled to take discovery, the Court finds that the first step that should be undertaken in this case is to allow UnitedHealthcare Service, LLC ("United") to consider the administrative appeal in this case, and to issue a decision on the pending appeal.

Accordingly, it is hereby **ORDERED** that United shall issue a decision on the administrative appeal on or before May 23, 2011. If United determines that it needs additional information to reach a decision on the administrative appeal, it shall notify Mr. Jason Belcher, through counsel, of the additional information it requires to reach a decision. Counsel for United shall notify the Court of any such request by filing a Status Report. Any such Status Report shall also state how much additional time United needs to complete its consideration of the administrative appeal. United shall produce the Administrative Record to counsel for all parties no later than 15 days after it issues its decision on appeal. If any party disputes the content of the Administrative Record, counsel shall meet and confer by conference call within 20 days after production of the Administrative Record by United. If the parties cannot resolve any disputes about the content of the Administrative Record, counsel shall seek guidance from the Court.

### IV. Schedule of Pretrial Proceedings

A. <u>Rule 26(a)(1) Disclosure and Pretrial Discovery Matters</u>

All rulings, decisions, positions, and objections regarding Rule 26(a)(1) Disclosures and other Pretrial Discovery Matters are expressly reserved, without prejudice to any claim or position. The Parties shall meet and confer by conference call within 20 days after production of the Administrative Record by United

regarding their positions on Rule 26(a)(1) Disclosures and their positions on Pretrial Discovery Matters. If the parties cannot agree on a protocol regarding Rule 26(a)(1) Disclosures and Pretrial Discovery Matters, counsel shall seek guidance from the Court.

      B.     <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

      **V.**     **Plaintiff's Deadline to Respond to United's Motion to Dismiss**

On April 27, 2011, UnitedHealthcare Service, LLC ("United") filed an Answer (Doc. No. 19) and a Motion to Dismiss Counts II, III, and IV of the Complaint (the "Motion to Dismiss") (Doc. No. 18). Pursuant to L.R. 7.01(b) and Fed. R. Civ. P. 6(a) and 6(d), Mr. Belcher's response to the Motion to Dismiss would be due on Monday, May 16, 2011. It is hereby **ORDERED** that the deadline for the Plaintiff to respond to the Motion to Dismiss is extended through and including Friday, June 10, 2011.

      **VI.**     **Reservation of all Matters not Addressed in this Order**

The Plaintiff has asserted numerous counts and causes of action against both the Viacom Defendants and United. Nothing in this Order in any way limits or addresses those counts and/or causes of action and/or any other claims or defenses asserted by any party. The parties disagree as to the proper scope of discovery and other matters, and these issues are not being resolved at this time.

It is so **ORDERED**.

*s/ John S. Bryant*

**JOHN S. BRYANT**
**UNITED STATES MAGISTRATE JUDGE**

**APPROVED FOR ENTRY:**

**LASSITER, TIDWELL, DAVIS, KELLER & HOGAN, PLLC**

s/ John O. Belcher
John O. Belcher, Esq.  (TN Bar No.:  018335)
William H. Lassiter, Jr., Esq.  (TN Bar No.:  002258)
150 Fourth Avenue North, Suite 1850
Nashville, TN 37219-2408
(615) 259-9344 (office)
(615) 242-4214 (facsimile)
jbelcher@lassiterlaw.com
blassiter@lassiterlaw.com
*Counsel for the Plaintiff*

**PROSKAUER, ROSE, LLP**

s/ Bettine B. Plevan
Bettina B. Plevan, Esq.
Proskauer, Rose, LLP
Eleven Times Square
(Eighth Avenue & 41st Street)
New York, NY 10036-8299
(212) 969-3000 (office)
(212) 969-2900 (facsimile)
bplevan@proskauer.com
*Counsel for Viacom Defendants (of counsel)*

S. Russell Headrick, Esq.  (TN Bar No.:  005750)
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
(865) 549-7204 (office)
(865) 633-7204 (facsimile)
rheadrick@bakerdonelson.com
*Counsel for Viacom Defendants*

Stacey C. Cerrone, Esq.
Proskauer, Rose, LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130-6146
(504) 310-4088 (office)
(504) 310-2022 (facsimile)
scerrone@proskauer.com
***Counsel for Viacom Defendants (of counsel)***

**BALCH & BINGHAM, LLP**

s/ Leigh Anne Hodge
Christopher F. Heinss, Esq.  (TN Bar No.:  023285)
Leigh Anne Hodge, Esq.  (TN Bar No.:  028639)
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
(205) 251-8100 (office)
(205) 226-8799 (facsimile)
cheinss@balch.com
lhodge@balch.com
***Counsel for Defendant UnitedHealthcare Service, LLC***